STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-193

KATRINA SCHMIDT,

Plaintiff

v.

L. L. BEAN INC.,

Defendant

STATE OF MAINE
Cumberland, ss. Clerk's Office

OCT 24 2018
10:55 a.m.
RECEIVED

ORDER

Before the court is a motion by defendant L.L. Bean Inc. to dismiss or in the alternative for joinder of Cavalry SPV I LLC as a necessary party pursuant to M.R.Civ.P. 19(a).

Under Rule 19, dismissal is only appropriate if joinder is not feasible and the court then determines that the absent party is not only "necessary" but "indispensable" under Rule 19(b) because the action cannot otherwise proceed in equity and good conscience. In this case consideration of dismissal is entirely premature because, if the court determines that Cavalry SPV I LLC is a necessary party, the existing record does not contain any indication that joinder is not feasible.[1]

---

[1] The court can take judicial notice that Cavalry SPV I LLC is a frequent litigant in Maine as a plaintiff seeking the collection of credit card debt in small claims court. It appears that Cavalry SPV I LLC's business is the collection of credit card debt in Maine and in other states. Without deciding the issue, there is certainly a potential basis for the joinder of Cavalry SPV I LLC in this action.

**Plaintiff–Peter Mancuso, Esq.**
**Defendant–Connor Beatty, Esq.**

Turning to the question of whether Cavalry SPV I LLC is a necessary party – a person "to be joined if feasible" within the meaning of Rule 19(a) – the court concludes that Cavalry SPV I LLC is a person who

> claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . leave [defendant L.L. Bean Inc.] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

M.R.Civ.P. 19(a).

In the absence of joinder, if the court were to agree with plaintiff Katrina Schmidt that L.L. Bean should not have honored the Virginia garnishment order, Cavalry SPV I LLC and the Virginia courts would not be bound by that decision and would not be precluded from seeking to enforce the Virginia garnishment order – leaving L.L. Bean potentially subject to double liability and inconsistent obligations. In that event, L.L. Bean would potentially be required to comply with the garnishment order in Virginia while simultaneously being held liable in Maine for compliance.

In initially reviewing the arguments of the parties with respect to the enforceability of the Virginia garnishment order in Maine, the court concludes that there appear to be reasonable arguments on both sides. Schmidt forcefully argues that the Virginia garnishment order cannot apply to wages earned in Maine. L.L. Bean forcefully argues that because L.L. Bean has stores in Virginia and because

2

Schmidt's liability arose there,[2] L.L.Bean correctly determined that it had to honor the Virginia garnishment. Under these circumstances, there is a substantial risk that a Maine court and a Virginia court could reach different results on that issue.

That distinguishes this case from *Housing Securities Inc. v. Maine National Bank*, 391 A.2d 311 (Me. 1978), relied upon by Schmidt. In the *Housing Securities* case, Maine National Bank's liability was clear from the language of its irrevocable letter of credit. 391 A.2d at 317. Moreover, in *Housing Securities*, Maine National Bank could have attempted to implead the allegedly necessary party but had not done so. 391 A.2d at 317 n.8.

In this case L.L. Bean has no potential third party claim that it could assert against Cavalry SPV I LLC. However, if Schmidt joins Cavalry SPV I LLC on the claim articulated in her opposition to the instant motion – that the Virginia garnishment cannot apply to wages earned in Maine – any judgment in this case will be binding on Cavalry under the rules of res judicata and collateral estoppel. If Schmidt prevails, Cavalry will be precluded from enforcing the existing garnishment order and any future garnishment orders against L. L Bean in Virginia.

---

[2] Schmidt acknowledges that Cavalry SPV I LLC's claim relates to credit card debt accumulated when Schmidt was a resident of Virginia. For purposes of the motion before the court, she does not dispute the validity of that debt. Plaintiff's Opposition to defendant's Motion to Dismiss filed July 12, 2018, at 2.

The entry shall be:

    1. Defendant's motion for joinder of Cavalry SPV I LLC is granted.

    2. Within 21 days plaintiff shall file an amended complaint joining Cavalry SPV I LLC as a defendant on a claim that Cavalry SPV I LLC's Virginia garnishment order cannot validly obligate L.L. Bean to garnish wages earned in Maine.

    3. Service of the amended complaint shall be made pursuant to Rule 4 on Cavalry SPV I LLC within 60 days.

    4. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October 24, 2018

Thomas D. Warren
Justice, Superior Court

4